In re: ADELPHIA COMMUNICATIONS CORP. SECURITIES & DERIVATIVE LITIGATION,

Leonard Tow, Claire Tow, The Claire Tow Trust, The Leonard and Claire Tow Charitable Trust, Inc, The Tow Foundation Inc. and The Tow Charitable Remainder Unitrust # 1, Plaintiffs–Appellants,

New York City Employees' Retirement System, New York City Teachers' Retirement System, New York City Board of Education Retirement System, New York City Police Department Pension Fund, New York City Fire Department Pension Fund, New York City Police Officers' Variable Supplements Fund, New York City Police Officers' Variable Supplements Fund New York Police Superior Officers' Variable Supplements Fund, New York City Firefighters' Variable Supplements Fund, New York City Fire Officers' Variable Supplements Fund, Los Angeles County Employee Retirement Fund, Franklin Strategic Income Fund, Fist–Franklin Convertible Securities Fund, FTVIPT–Strategic Income Fund, Franklin Custodian Fund–Income, FTIF–Franklin Income Fund, Franklin Age High Income Fund, FIVIPT Franklin High Income Fund, Redwood CBO, Franklin Inst HYFIF, Franklin Multi–Income Fund, Fist–Franklin Total Return Fund, W.R. Huff Asset Management, Co., LLC., Joseph Stocke, Richard Gitter, TZ Micro Computing, William J. Hattrick, Alan Shulimson, Steven Rossow, Market Street Securities, Is-

rael Costa, Mark G. Epstein, Joanne Gold, Barry Goldman, John Fuller, also known as King John, Gerald J. Strekal, Crossway Partners, Alan Garner, Mohammed Idries, Lewis Thomas Hardin, Ron Moore, VR Associates, Robert Morello, George Inabinet, Mead Ann Krim, Michael D'Asaro, Mariella A. Echeverri, Thomas A. Kiefer, Richard Turrell, Harold Weiner, Charles Seebacher, Richard Burstein, Philip Matovich, Alvin Victor, Scott Burnside, William D. Huhn, Robert Lowinger, Maude Eichel, Lee P. Bent, Elkmont Capital Limited, Franklin Mutual Advisers, LLC, Mutual Shares Securities Fund, Mutual Discovery Securities Fund, Franklin Mutual Beacon Fund, Mutual Beacon Fund [Canada], Mutual Shares Fund II, Mutual Shares Fund, Mutual Qualified Fund, Mutual Discovery Fund, Mutual Beacon Fund, Appaloosa Management L.P., Palomino Fund Ltd., Appaloosa Investment Limited Partnership I, Evelyn D. Stocke, Los Angeles County Employees Retirement Association, Division of Investment of the NJ Dept. of Treasu, Ardsley Partners, Jerrold Ruskin, Harriet G. Victor, Louisiana Sheriffs' Pension and Relief Fund, Fresno County Employees Retirement Association, Louisiana State Employees' Retirement System, PAX World High Yield Fund Inc., Louis Pagnotti, Charles E. Parente, Jr. Brian Parente, Marla Parente Sgarlat., Ta Brynfan Associates, A Florida General Partnership and John Parente, Plaintiffs,

Eminence Capital, L.L.C., Argent Classic Convertible Arbitrage Fund L.P., Argent Classic Convertible Arbitrage Fund [Bermuda]L.P., Argent Lowlev Convertible Arbitrage Fund Ltd. and

UBS O'Connor LLC., f/b/o UBS Global Equity Arbitrage Master Ltd. f/b/o UBS Global Convertible Portfolio, Plaintiffs–Appellees,

v.

John J. Rigas, Timothy J. Rigas, Michael J. Rigas, James P. Rigas, Banc of America Securities, LLC, Citigroup, Inc., Citibank, N.A., BNY Capital Markets, Inc., Suntrust Capital Markets, Inc., formerly known as Suntrust Equitable Securities, ABN AMRO Incorporated, J.P. Morgan Securities Inc., Deutsche Bank Alex. Brown, Inc., PNC Captial Markets, Inc., Barclays Capital, Inc., Cowen & Company, LLC, formerly known as SG Cowen Securities Corporation, Calyon Securities [USA] Inc., formerly known as Credit Lyonnais Securities [USA] Inc., CIBC World Markets Corp., formerly known as CIBC Oppenheimer, BMO Nesbitt Burns, Corp., formerly known as Nesbitt Burns Securities, Inc., Wachovia Bank, National Association, JPMorgan Chase & Co., Deutsche Bank AG, PNC Bank Corp., Toronto Dominion [Texas] LLC, formerly known as Toronto Dominion [Texas] Inc., Societe Generale, Bank of Nova Scotia, The Bank of New York Company, Inc., Bank of Montreal, Citicorp USA, Inc., Bank of America, N.A., Wachovia Capital Markets LLC, formerly known as Wachovia Securities, Inc., SunTrust Bank, CIBC Inc., Barclays Bank PLC, ABN AMRO Bank N.V., Calyon New York Branch, Credit Suisse First Boston Corp., formerly known as Credit Suisse First Boston LLC, Credit Suisse, New York Branch, Credit Suisse [USA] Inc., Credit Suisse Securities [USA] LLC and DLJ Capital Funding, Inc., Defendants–Appellees,

Peter L. Venetis, Dennis P. Coyle, Pete J. Metros, Erland E. Kalbourne, Deloitte & Touche L.L.P., Salomon Smith Barney, Inc., Chase Securities Inc, Morgan Stanley & Co., Incorporated, Scotia Capital [USA], Inc., TD Securities [USA], Inc., Leslie J. Gelber, James R. Brown, Michael C. Mulcahey, Adelphia Communications Corporation, Buchanan Ingersoll Professional Corporation, Royal Bank of Scotland, Mizuho International PLC, Morgan Stanley Dean Witter & Co., formerly known as Morgan Stanley & Co., Incorporated, Fleet Securities, Inc., also known as Banc of America, N.A., Latham & Watkins, Motorola, Inc., Scientific–Atlanta, Inc., Daniel R. Millard, Perry S. Patterson, Salomon Smith Barney Holdings, Inc., Morgan Stanley Senior Funding, Inc., Citigroup Global Markets, Inc., formerly known as Salomon Smith Barney Holdings Inc., Bear Stearns & Co., Fleet National Bank, Highland Holdings II, Highland 2000, LP, Highland Holdings, PNC Bank, N.A., Citigroup Inc. and Suntrust Capital Markets, Inc., formerly known as Suntrust Equitable Securities, Defendants.

No. 06–5636–cv.

United States Court of Appeals,
Second Circuit.

March 27, 2008.

Joseph L. Clasen (Thomas J. Donlon, on the brief), Robinson & Cole LLP, New York, New York, for Plaintiffs–Appellants.

John A. Valentine (Andrew Weismann, on the brief), Wilmer Cutler Pickering Hale and Dorr, Washington D.C., for Credit Suisse Securities (USA) and Credit Suisse, New York Branch, for Defendants–Appellees.

Arthur N. Abbey, Abbey Spanier Rodd Abrams & Paradis, LLP (Judith L. Spanier, Richard B. Margolies, Abbey Spanier Rodd Abrams & Paradis, LLP, Jeffrey H. Squire, Richard L. Stone, Mark A. Strauss, Kirby McInerney & Squire, LLP, on the brief), New York, NY, for Lead Plaintiffs–Appellees.

Mitchell A. Lowenthal (Joon H. Kim, David Bober, on the brief), Cleary Gottlieb Steen & Hamilton, LLP, New York, New York, for Thirty–Two Bank Defendants–Appellees.

PRESENT: Hon. B.D. PARKER, Hon. RICHARD C. WESLEY, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Appellants Leonard Tow, Claire Tow, the Claire Tow Trust, the Leonard and Claire Tow Charitable Trust, Inc., the Tow Foundation Inc., and the Tow Charitable Remainder Unitrust # 1 ("the Tow appellants") appeal from a judgment of the United States District Court for the Southern District of New York (McKenna, J.). The district court approved a partial settlement of a securities class action brought on behalf of investors in the Adelphia Communications Corporation ("Adelphia") against various investment and lending banks, including Credit Suisse Securities LLC ("CS"). The consolidated class action complaint alleged that the banks were complicit in a series of financial irregularities that led to the collapse of Adelphia.

In March 2004, the Tow appellants sued CSFB and Donaldson, Lufkin & Jenrette Securities Corporation ("DLJ Securities"), alleging that DLJ Securities, which had been acquired by CS, knowingly issued a false fairness opinion to Century Communications Corp., an entity controlled by the Tow appellants, in connection with the sale of Century to Adelphia. The Tow appellants' action was transferred by the Panel on Multi–District Litigation to the Southern District of New York, where the consolidated class action that was brought on behalf of Adelphia investors was pending. After considerable litigation, a settlement was reached. A class, which included the Tow appellants' claims, was certified for settlement purposes. The proposed settlement contemplated a comprehensive release of claims relating to the Adelphia

fraud against the banks, including CS. It is not disputed that the Tow appellants' claims against DLJ Securities would be covered by the release. At this point, the Tow appellants were confronted with the option of remaining in the class and participating in the settlement or opting out and pursuing their claims against DLJ Securities in a separate action. The Tow appellants did not opt out but objected to the settlement. The district court approved the settlement and this appeal followed. We assume familiarity with the underlying facts and procedural history of this case, as well as the issues on appeal.

## DISCUSSION

On appeal, the Tow appellants argue that the district court abused its discretion in rejecting their objections to the settlement. Their main contention is that the release in the settlement was overly broad and improperly released their claims against DLJ Securities because they did not share an identical factual predicate with the claims of other class members. The Tow appellants also maintain that the lead plaintiffs did not adequately represent their interests since the Tow appellants were among the largest losers as a result of the Adelphia fraud but were the only plaintiffs who received, and were injured by, DLJ's fairness opinion. We disagree.

The district court's approval of the class action settlement is reviewed for abuse of discretion. *Wal–Mart Stores Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 106 n. 12 (2d Cir.2005). As to the claimed overbreadth of the release, "[t]he law is well established in this Circuit and others that class action releases may include claims not presented and even those which could not have been presented as long as the released conduct arises out of the 'identical factual predicate' as the settled conduct." *Id.* at 107 (citation omitted).

■ The district court acted within its sound discretion in finding that the Tow appellants' claims concerning the fairness opinion related to investment losses arising from Adelphia's fraudulent activity and were based on the same core of facts as the claims in the consolidated class litigation. The class plaintiffs and the Tow appellants both alleged that financial institutions misled investors by disseminating false statements about Adelphia. Both sets of plaintiffs alleged that the banks learned about Adelphia's fraud in the course of providing it investment banking and lending services. The district court's conclusion that these similarities were sufficient to satisfy the *Wal–Mart* test fell within its discretion.

■ The Tow appellants' contention that their receipt of the fairness opinion requires proof of additional facts such that their claims do not share an identical factual predicate with those of the class is unpersuasive. Whether the plaintiffs were misled by the fairness opinion, the Adelphia financial statements (on which the fairness opinion depended), or the integrity of the market that itself relied on Adelphia's disclosures, the fact remains that the investment losses suffered by all class members share a common factual predicate, even if the particular losses were the result of reliance on different documents. As *Wal–Mart* makes clear, "[a] court may release not only those claims alleged in the complaint and before the court, but also claims which could have been alleged by reason of or in connection with any matter or fact set forth or referred to in the complaint." *Id.* at 108 (internal quotation marks omitted).

■ Finally, we are not persuaded that the class plaintiffs do not adequately represent the Tow appellants even though none of those plaintiffs made a claim spe-

cifically related to DLJ Securities' fairness opinion. The district court found that the claim of inadequate representation fails due to the inclusion as class representatives of Maud Eichel and Robert Lowinger, two Century shareholders who acquired their Adelphia securities after receiving the same fairness opinion as the Tow appellants. We find no abuse of discretion in this conclusion. Both the class representatives and the Tow appellants pursued Adelphia's banks for their alleged complicity in Adelphia's fraud, sought the same relief—damages for investment losses in Adelphia securities—and therefore shared a common interest in maximizing their recovery for losses attributable to the bank defendants' alleged fraud. The interests of class members need only be substantially similar, not identical. *See id.* at 111.

We have considered the remainder of the Tow appellants' claims and find them to be without merit. Accordingly, the judgment of the district court is affirmed.